Chris J. Zhen (SBN 275575)
Phone: (213) 935-0715
Email: chris.zhen@zhenlawfirm.com
Hogan Ganschow (SBN 256137)
Phone: (805) 453-4435
Email: hogan.ganschow@zhenlawfirm.com
Zhen Law Firm
5670 Wilshire Blvd, Suite 1800
Los Angeles, CA 90036

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SWOFFORD,<br><br>  Plaintiff,<br><br>vs.<br><br>RICHARD HOTTEL d/b/a California Court Resurfacing; DOES 1-10,<br><br>  Defendants | Case No.: 2:21-cv-1998<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNJUST ENRICHMENT, AND UNFAIR COMPETITION;**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff JASON SWOFFORD, by and through his attorneys, alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 et seq.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b), and ancillary jurisdiction, to the extent necessary, over the remaining claims.

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## THE PARTIES

4. Plaintiff Jason Swofford (hereinafter "Swofford") is an individual who resides and does business in the Central District of California.

5. Defendant Richard Hottel d/b/a California Court Resurfacing (hereinafter "Hottel") is an individual who Plaintiff is informed and believes resides and does business in the Central District of California.

6. The true names and capacities of Defendants Does 1 through 10 are presently unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff is informed and believes that each of the fictitiously named defendants is responsible in some capacity for matters herein alleged. Plaintiff will amend this complaint to state the true names and capacities of Does 1 through 10 when they are ascertained.

## BACKGROUND FACTS

7. Plaintiff runs a successful and growing court surfacing business, having founded American Court Surfacing in 2009. In 2009, Plaintiff registered the domain americancourtsurfacing.com and began publishing photographs on the website exhibiting the exceptional quality of court surfacing work performed by Plaintiff or under Plaintiff's direction.

8. Between 2010 and 2014, Plaintiff uploaded a series of photographs to the American Court Surfacing website, including two photographs of Plaintiffs father performing hydroblasting on a court surface to remove old surface paintings and markings. A true and correct copy of the webpage https://americancourtsurfacing.com/our-services [Retrieved on February 24, 2021], is attached as **Exhbit 1**. A portion of the webpage with three images showing the hydroblasting service is included below.




9. On or before August 2013, Plaintiff uploaded a series of photographs to the American Court Surfacing website, including two photographs showing before and after surfacing work on a tennis court. A true and correct copy of the webpage https://americancourtsurfacing.com/gallery/#bfaf [Retrieved on February 24, 2021], showing the two photographs of hydroblasting is attached as **Exhibit 2**. A portion of the webpage with images showing the before and after service on tennis courts is included below.

## Tennis Courts








10. On or before 2014, Plaintiff uploaded a photograph to the American Court Surfacing website, page https://americancourtsurfacing.com/products-and-suppliers/, with the photograph showing the result after surfacing work on a basketball court. The photograph [retrieved from https://americancourtsurfacing.com/products-and-suppliers/ on February 24, 2021] is included below.



11. Plaintiff has sought and obtained a copyright for the hydroblasting photographs, which he registered under Registration Serial Number VA0002238371 / 2021-02-22, with a date of creation of on or before March 23, 2009.

12. Plaintiff has sought copyright registration for the before and after photographs, which he applied for under Application Number 1-10178489430 / 2021-02-22, with a date of creation on or before November 6, 2009.

13. Plaintiff has sought and obtained a copyright for the basketball surfacing photograph, which he applied for under Application Number 1-10204149371 / 2021-02-24, with a date of creation of March 7, 2005.

14. Plaintiff is informed, believes, and thereby alleges that portions of the photos uploaded to Plaintiff's website were intentionally and willfully copied and displayed by Defendant on Defendant's website http://californiasurfacing.com/. A true and correct copy of the website page

http://www.californiasurfacing.com/index_files/Page441.htm [retrieved on February 24, 2021]is attached as **Exhibit 3**. The relevant portion of the website including the infringing uses is included below.



*Screenshot of a portion of http://californiasurfacing.com/index_files/Page441.htm.*

15. Plaintiff is informed, believes, and thereby alleges that portions of the basketball court photograph was intentionally and willfully copied and displayed by Defendant on Defendant's website at http://www.californiasurfacing.com/index_files/Page497.htm. A true and correct copy of the website page [retrieved on February 24, 2021]is attached as **Exhibit 4**. The relevant portion of the website including the infringing use is included below.

### PLEXICOURT PRODUCTS

Plexicourt sport surfaces are ideal for basketball, badminton, volleyball, and netball courts as well as for inline hockey, skate parks, play areas and multi-sport recreational areas. Three distinct textures allow the owner and athlete to select the surface system that best matches their need for traction and abrasion resistance:

### PLEXICOURT LA - Standard texture court surface

Basketball requires excellent slip resistance and durability in high traffic areas. The finer texture provides great surface traction for superior control and pliability. System components include:
- Surface preparations
- Acrylotex MA - to provide a uniform underlayment.
Acrylotex LA - a highly pigmented, UV resistant coating incorporated with a fine textured finish. Ideal for both indoors or outdoors court surfaces.

### PLEXICOURT MA - course texture court surface

Some sports played outdoors such as netball benefit from a more textured surface to provide improved traction and playability in damp conditions. An economic sports surface ideal f applications. System components include:
- Surface preparations
Acrylotex LA - a highly pigmented, UV resistant coating incorporated with a course textured finish.

### PLEXICOURT SS - smooth texture court surface

Sports such as volleyball prefer a smoother court surface finish that has minimal abrasion. The finish texture of Plexicourt SS is appropriate for indoor sport facilities and facilities that conditions. System components include:
- Surface preparations
- Acrylotex LA / Plexichrome - a highly pigmented, UV resistant coating incorporated with a fine textured finish.
Plexiflor - a reinforced, smooth acrylic coating especially formulated for use over asphalt or concrete.

### PLEXICOURT ADVANTAGES

Plexicourt uniquely combines Plexipave System products to achieve the longevity and playability required for indoor and outdoor athletic fac have been used for over twenty years by a wide variety of owners on both asphalt and concrete. Dependable performance has made Plexico

### TRACTION AND FRICTION

Plexicourt provides players and owners the best options to decide traction and abrasion combinations. Smooth surfaces are ideal for volleyball facilities. Courser textures for favor damp play conditions and where extra athletic surface grip is desired.

### PLEXICOURT COLORS

Color intense Plexicourt is available in twelve popular colors. Excellent ultraviolet light stability keeps your surface bright for years of play. Cu upon request.





Home | Our Services | Products | Photo Gallery | Get Estimate

COMPLAINT FOR COPYRIGHT INFRINGEMENT   -6-                   CASE NO.: 2:21-CV-1998

# FIRST CAUSE OF ACTION

# COPYRIGHT INFRINGEMENT

16. Plaintiff repeats, re-alleges, and incorporates by reference as though fully set forth herein, the allegations contained in all preceding paragraphs of this Complaint.

17. At all times relevant hereto, Plaintiff has been and still is the holder of the exclusive rights under the Copyright Act of 1976 (17 USC §§ 101 et seq. ("Copyright Act")), and all amendments thereto) to reproduce, distribute, or license the reproduction and distribution of the American Court Surfacing website photographs described in paragraph 11 of this Complaint.

18. The American Court Surfacing website photographs are original works created by Plaintiff, copyrightable under the Copyright Act. Applications for registration of Plaintiff's Copyrights in the American Court Surfacing website photographs have been duly filed in the United States Copyright Office, all applicable formalities and notice requirements under the Copyright Act have been duly complied with, and Plaintiff has thereby secured and now owns the exclusive right and privilege to enforce its rights in such Copyright.

19. Plaintiff is informed and believes and thereupon alleges that Defendants intentionally copied, used and displayed in online media a portion of website photographs, of which Plaintiff is the owner of exclusive rights, and have done so without Plaintiff's authorization for sale, license, display, and/or use in the United States and elsewhere.

20. Defendants have infringed Plaintiff's exclusive rights in the photographs by using and displaying portions of the photographs on Defendant's own website.

21. Plaintiff has never authorized Defendant, by license or otherwise, to use or display the photographs, or any portion or imitation thereof, in any way.

22. Each infringing use of the photographs or any potion or imitation thereof, as well as the threat of continuing the same, constitutes a separate claim against Defendant under the Copyright Act.

23. Defendant has realized unlawful and unjust profits from the unauthorized and illegal display and use of the photographs in online media insofar as such illegal and unauthorized use aided in the promotion and sale of Defendant's services. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the photographs in an amount to be established at trial.

24. Defendants have continued to infringe said Copyrights in the photographs, and unless temporarily, preliminarily, and permanently enjoined by Order of this Court, will continue to infringe said Copyrights, all to Plaintiff's irreparable injury. As a result of Defendants' acts of infringement, Plaintiff is without an adequate remedy at law in that damages are difficult to ascertain.

25. Defendants have committed and continue to commit all of the aforesaid acts of infringement deliberately, willfully, intentionally, and without regard to Plaintiff's proprietary rights.

## SECOND CAUSE OF ACTION

## UNJUST ENRICHMENT

26. Plaintiff repeats, re-alleges, and incorporates by reference as though fully set forth herein, the allegations contained in all previous paragraphs of this Complaint.

27. Defendant has received revenues, profits, income and other financial benefits as a result of his use of the photographs in online media, insofar as such media increased the online engagement of Defendant' website and personal brand, and helped sell Defendant's services.

28. The financial benefits conferred upon Defendant was obtained at Plaintiff's expense, in that Plaintiff expended his time, labor, and technical savvy to create the intellectual property that formed the photographs displayed on Plaintiff's website, and Plaintiff has personal pecuniary interests in keeping control over the display or exhibition of the photographs.

29. As a result, Defendants have been unjustly enriched at the expense of Plaintiff, and it would be unjust for Defendants to retain any financial benefits received as a result of his unauthorized use of Plaintiff's intellectual property.

## THIRD CAUSE OF ACTION

## UNFAIR COMPETITION

30. Plaintiff repeats, re-alleges, and incorporates by reference as though fully set forth herein, the allegations contained in all previous paragraphs of this Complaint.

31. Section 17200 of the California Business and Professions Code prohibits unfair competition, including "any unlawful, unfair or fraudulent business act or practice".

32. By engaging in the alleged conduct, Defendant has engaged in unlawful, unfair, or fraudulent business acts of unfair competition in violation of Sections 17200, *et seq.*, and California common law. This conduct includes Defendant' unauthorized use of Plaintiff's copyrighted work as website publications insofar as such publications increased the Defendants online engagement and personal brand, and helped promote Defendant's business.

33. As an actual and proximate result of Defendants' unfair competition, Defendant has unjustly enriched himself by obtaining financial benefits, and depriving Plaintiff of the compensation to which he is rightly entitled.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For an Order enjoining Defendants, their officers, agents, employees, and those acting in concert or conspiracy with them, temporarily during the pendency of this action and permanently thereafter from infringing, or contributing to, or participating in the infringement by others, of the copyrights held by Plaintiff in any way;

2. That Defendants be required to account for and pay Plaintiff the actual damages suffered by Plaintiff as a result of the infringement and any profits of the Defendants attributable to the infringement of Plaintiff's copyright or exclusive rights under copyright and to pay such damages to Plaintiff as to this Court shall appear just and proper within the provisions of the Copyright Act, or, in the alternative, at Plaintiff's election, statutory damages for infringement of each separate copyright as set forth in 17 U.S.C. § 504;

3. For an award of costs under 17 U.S.C. § 505 or as otherwise provided by law;

4. For an award of attorneys' fees as provided by 17 U.S.C. § 505;

5. For an award of pre-judgment and post-judgment interest as determined by law;

6. For other such relief as the court deems just and proper.

Dated: March 4, 2020                    Respectfully Submitted,

                                        ZHEN LAW FIRM


                                        By:    /s/ Chris J. Zhen
                                        Chris J. Zhen (State Bar No. 275575)
                                        (213) 935-0715 | chris.zhen@zhenlawfirm.com
                                        Hogan Ganschow (State Bar No. 256137)
                                        (805) 453-4435 | hogan.ganschow@zhenlawfirm.com
                                        ZHEN LAW FIRM
                                        5670 Wilshire Blvd #1800
                                        Los Angeles, CA 90036
                                        *Attorneys for Plaintiff, Jason Swofford*

COMPLAINT FOR COPYRIGHT INFRINGEMENT   -10-          CASE NO.: 2:21-CV-1998

**DEMAND FOR JURY TRIAL**

Plaintiff Jason Swofford hereby demands a jury trial pursuant to Federal Rule of Civil Procedure 38.

Dated: March 4, 2020

Respectfully Submitted,

ZHEN LAW FIRM

By: /s/ Chris J. Zhen

Chris J. Zhen (State Bar No. 275575)
(213) 935-0715 | chris.zhen@zhenlawfirm.com
Hogan Ganschow (State Bar No. 256137)
(805) 453-4435 | hogan.ganschow@zhenlawfirm.com
ZHEN LAW FIRM
5670 Wilshire Blvd #1800
Los Angeles, CA 90036
*Attorneys for Plaintiff, Jason Swofford*