Jeffrey W. Shields, Bar No. 109920
Rick A. Varner, Bar No. 160403
SHIELDS LAW OFFICES
1920 Main Street, Suite 1160
Irvine, California 92614
(949) 724-7900; Fax (949) 724-7905
E-mail: jeff@shieldslawoffices.com

Attorneys for Defendant
Richard Hottel dba California Surfacing

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| JASON SWOFFORD,<br><br>      Plaintiff,<br><br>      vs.<br><br>RICHARD HOTTEL d/b/a California Court Resurfacing; DOES 1-10,<br><br>      Defendants. | Case No. 2:21-cv-01998-MWF<br>      (JDEx)<br><br>DEFENDANT'S ANSWER TO COMPLAINT<br><br><br>JURY TRIAL DEMANDED |

Defendant RICHARD HOTTEL dba California Surfacing, erroneously named herein as RICHARD HOTTEL d/b/a California Court Resurfacing ("Defendant"), for himself alone, hereby answers the "Complaint For Copyright Infringement, Unjust enrichment, And Unfair Competition" (the "Complaint") filed herein by plaintiff JASON SWOFFORD ("Plaintiff"), as follows:

      1.   The allegations contained in paragraphs 1 and 2 of the Complaint are merely legal conclusions and not allegations of fact, and, therefore, do not require an answer by Defendant.

29883

2.    Answering the allegations contained in paragraphs 3 and 4 of the Complaint, Defendant does not presently have information and belief sufficient to enable Defendant to answer the allegations contained in such paragraphs, and, on such ground, denies same.

3.    Answering the allegations contained in paragraph 5 of the Complaint, Defendant admits same.

4.    Answering the allegations contained in paragraphs 6 through 13, inclusive, of the Complaint, Defendant does not presently have information and belief sufficient to enable Defendant to answer the allegations contained in such paragraphs, and, on such ground, denies same.

5.    Answering the allegations contained in paragraphs 14 and 15 of the Complaint, Defendant admits that Plaintiff voluntarily provided Defendant with certain photographs and gave Defendant permission to use them on Defendant's website, which Defendant did up until recently when Plaintiff first objected to such use, at which time Defendant then removed such photographs from Defendant's website.  Except as expressly admitted herein, Defendant denies the remaining allegations contained in such paragraphs.

<u>FIRST CAUSE OF ACTION</u>

6.    Answering the allegations contained in paragraph 16 of the Complaint, Defendant incorporates by reference, as though set forth in full hereat, paragraphs 1 through 5, inclusive, as set forth above.

7.    Answering the allegations contained in paragraphs 17 and 18 of the Complaint, Defendant does not presently have

1   information and belief sufficient to enable Defendant to answer the

2   allegations contained in such paragraphs, and, on such ground,

3   denies same.

4           8.   Answering the allegations contained in paragraph 19

5   of the Complaint, Defendant admits that Plaintiff voluntarily

6   provided Defendant with certain photographs and gave Defendant

7   permission to use them on Defendant's website, which Defendant did

8   up until recently when Plaintiff first objected to such use, at

9   which time Defendant then removed such photographs from Defendant's

10  website.  Except as expressly admitted herein, Defendant denies the

11  remaining allegations contained in such paragraph.

12          9.   Answering the allegations contained in paragraphs 20

13  through 25, inclusive, of the Complaint, Defendant denies same.

14                      SECOND CAUSE OF ACTION

15          10.  Answering the allegations contained in paragraph 26

16  of the Complaint, Defendant incorporates by reference, as though

17  set forth in full hereat, paragraphs 1 through 9, inclusive, as set

18  forth above.

19          11.  Answering the allegations contained in paragraphs 27

20  through 29, inclusive, of the Complaint, Defendant denies same.

21                      THIRD CAUSE OF ACTION

22          12.  Answering the allegations contained in paragraph 30

23  of the Complaint, Defendant incorporates by reference, as though

24  set forth in full hereat, paragraphs 1 through 11, inclusive, as

25  set forth above.

26          13.  The allegations contained in paragraph 31 of the

27  Complaint are merely legal conclusions and not allegations of fact,

28  and, therefore, do not require an answer by Defendant.

1        14.  Answering the allegations contained in paragraphs 32

2    and 33 of the Complaint, Defendant denies same.

3    AFFIRMATIVE DEFENSES

4    FIRST AFFIRMATIVE DEFENSE

5    (Failure to State a Claim for Relief)

6        15.  For a first, separate affirmative defense to the

7    Complaint, and to each purported claim for relief alleged therein,

8    Defendant alleges that the Complaint, and each purported claim for

9    relief alleged therein, fails to state facts sufficient to

10   constitute any claim on which relief can be granted.

11   SECOND AFFIRMATIVE DEFENSE

12   (License)

13       16.  For a second, separate affirmative defense to the

14   Complaint, and to each purported cause of action alleged therein,

15   Defendant alleges that Plaintiff voluntarily provided the subject

16   photographs to Defendant and gave permission to Defendant to use

17   same, and thereby impliedly gave a license for such purpose to

18   Defendant.

19   THIRD AFFIRMATIVE DEFENSE

20   (Consent, Waiver and Estoppel)

21       17.  For a third, separate affirmative defense to the

22   Complaint, and to each purported cause of action alleged therein,

23   Defendant alleges that Plaintiff agreed and consented to each of

24   the acts by Defendant of which Plaintiff now seeks to complain, and

25   Plaintiff has therefore waived the right to assert, and is estopped

26   from asserting, any change to those authorizations.

27

28

4

### FOURTH AFFIRMATIVE DEFENSE

#### (Statutes of Limitations)

18.  For a fourth, separate affirmative defense to the Complaint, and to each purported cause of action alleged therein, Defendant alleges that the Complaint, and each purported cause of action therein, is barred by the applicable statutes of limitations.

### FIFTH AFFIRMATIVE DEFENSE

#### (Laches)

19.  For a fifth, separate affirmative defense to the Complaint, and to each purported cause of action alleged therein, Defendant alleges that, to the extent that Plaintiff claims to be entitled to any relief against Defendant, which Defendant denies, Plaintiff is guilty of laches and is estopped and barred from pursuing any claim against Defendant as a result thereof.

### SIXTH AFFIRMATIVE DEFENSE

#### (Failure Of Condition Precedent)

20.  For a sixth, separate affirmative defense to the Complaint, and to each purported cause of action alleged therein, Defendant alleges that Plaintiff is barred from pursuing any claim against Defendant because there has been a failure of condition precedent in that all of Plaintiff's claims against Defendant are based on the erroneous presumption that Defendant supposedly wrongfully used Plaintiff's photographs, whereas, however, that presumption is false, and Plaintiff voluntarily provided the subject photographs to Defendant and gave permission to Defendant to use same.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SEVENTH AFFIRMATIVE DEFENSE

### (Negligence)

21.  For a seventh, separate affirmative defense to the Complaint, and to each purported cause of action alleged therein, Defendant alleges that, to the extent Plaintiff is adjudged to have suffered any damages, which damages Defendant denies, Plaintiff is barred from pursuing any recovery against Defendant because such purported damages were caused solely by, and are entirely attributable to, the actively negligent conduct of Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

22.  For an eighth, separate affirmative defense to the Complaint, and to each purported cause of action alleged therein, Defendant alleges that, to the extent Plaintiff is alleged to have suffered any damages, which damages Defendant denies, Plaintiff is barred from pursuing any claim for recovery against Defendant because such damages were proximately caused and contributed to by the negligence of Plaintiff, or that, alternatively, any judgment for damages which may be assessed against Defendant should be proportionately reduced to the extent that the negligence and fault of Plaintiff caused or contributed to such damages.

## NINTH AFFIRMATIVE DEFENSE

### (Third Party Intervening Negligence)

23.  For a ninth, separate affirmative defense to the Complaint, and to each purported cause of action alleged therein, Defendant alleges that, to the extent Plaintiff is adjudged to have suffered any damages, which damages Defendant denies, Plaintiff is barred from pursuing any claim for recovery against Defendant

because such purported damages were proximately caused and contributed to by third parties, or that, alternatively, any judgment for damages which may be assessed against Defendant should be proportionately reduced to the extent that the negligence and fault of such third parties caused or contributed to such damages.

## TENTH AFFIRMATIVE DEFENSE

### (No Damages)

24.   For a tenth, separate affirmative defense to the Complaint, and to each purported cause of action alleged therein, Defendant alleges that Plaintiff is barred from pursuing any claim for recovery against Defendant because Plaintiff has not suffered any damages as a result of any alleged wrongful act or omission of Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Damages Uncertain)

25.   For an eleventh, separate affirmative defense to the Complaint, and to each purported cause of action alleged therein, Defendant alleges that Plaintiff's claimed damages, if any, are so speculative and uncertain as to deny Plaintiff any recovery.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

26.   For a twelfth, separate affirmative defense to the Complaint, and to each purported cause of action alleged therein, Defendant alleges that, to the extent that Plaintiff claims to be entitled to any relief against Defendant, which Defendant denies, no relief should be awarded to Plaintiff against Defendant because any such relief would constitute unjust enrichment to Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Failure To Mitigate Damages)

27.   For a thirteenth, separate affirmative defense to the Complaint, and to each purported cause of action alleged therein, Defendant alleges that, to the extent that Plaintiff is adjudged to have suffered any damages, which damages Defendant denies, Plaintiff's damages are attributable, in whole or in part, to its own conduct and failure to take sufficient actions to mitigate such purported damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Non-Entitlement to Statutory Damages/Penalties)

28.   For a fourteenth, separate affirmative defense to the Complaint, and to each purported cause of action alleged therein, Defendant alleges that Plaintiff's claim of entitlement to statutory damages or penalties of any kind is unwarranted in that Plaintiff has alleged no legitimate factual basis to support any such purported entitlement.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1.   That Plaintiff take nothing by the Complaint, and that the same be dismissed in its entirety with prejudice;

2.   For Defendant's attorney's fees incurred herein;

3.   For Defendant's costs of suit incurred herein; and

/ /

/ /

/ /

/ /

/ /

1          4.   For such other and further relief as the Court may

2    deem just and proper.

3    DATED: April 26, 2021          SHIELDS LAW OFFICES

4

5                                   By: _____/s/_____

6                                        Jeffrey W. Shields
                                         Rick A. Varner
7                                   Attorneys for Defendant
                                    Richard Hottel dba California
8                                   Surfacing

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>DEMAND FOR JURY TRIAL</u>

Defendant hereby demands trial by jury in the above action.

DATED: April 26, 2021           SHIELDS LAW OFFICES

                                By: _____/s/_____
                                    Jeffrey W. Shields
                                    Rick A. Varner
                                Attorneys for Defendant
                                Richard Hottel dba California
                                Surfacing