Chris J. Zhen (SBN 275575)
Phone: (213) 935-0715
Email: chris.zhen@zhenlawfirm.com
Hogan Ganschow (SBN 256137)
Phone: (805) 453-4435
Email: hogan.ganschow@zhenlawfirm.com
Zhen Law Firm
5670 Wilshire Blvd, Suite 1800
Los Angeles, CA 90036

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| JASON SWOFFORD,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RICHARD HOTTEL d/b/a California Court Resurfacing; DOES 1-10,<br><br>　　　　Defendants | Case No.: 2:21-cv-01998-MWF (JDEx)<br><br>Honorable Michael W. Fitzgerald<br><br>**JOINT STATUS REPORT AND PROPOSED DISCOVERY PLAN (FRCP 26(f))**<br><br>**Report Due: June 1, 2021** |

　　　　Plaintiff Jason Swofford ("Plaintiff") and Defendant Richard Hottel ("Defendant") submit the following pursuant to the Court's May 7, 2021 Order directing the parties to confer and provide a Joint Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure:

　　I.　**Statement of the Case**.

　　　　a.　**Plaintiff's Position**. Plaintiff runs a successful and growing court surfacing business, having founded the business American Court Surfacing in 2009. Plaintiff registered the domain americancourtsurfacing.com and began publishing

photographs on the website exhibiting the exceptional quality of court surfacing work performed by Plaintiff or under Plaintiff's direction for his business. Between 2010 and 2014, Plaintiff uploaded a series of photographs to the American Court Surfacing website; including the five photographs ("Copyrighted Works"):

- two photographs of Plaintiffs father performing hydroblasting (Registration Serial Number VA0002238371 / 2021-02-22)
- two photographs showing before and after surfacing work on a tennis court (Application Number 1-10178489430 / 2021-02-22)
- one photograph showing the result after surfacing work on a basketball court (Application Number 1-10204149371 / 2021-02-24).

These Copyrighted Works then then appeared on Defendant's website at www.californiasurfacing.com. Plaintiff is informed and believes that Defendant intentionally copied these Copyrighted Works for publication on Defendant's website. Plaintiff has never authorized Defendant, by license or otherwise, whether oral or in writing, to use, display, or publish any portion or imitation of the Copyrighted Works in any way.

b. **Defendant's Position.** All of Plaintiff's claims against Defendant are based on the erroneous presumption that Defendant supposedly wrongfully used Plaintiff's photographs, however, that presumption is false, and Plaintiff voluntarily provided the subject photographs to Defendant and gave permission to Defendant to use same. Defendant has not infringed Plaintiff's copyrights in any manner.

II. **Subject Matter Jurisdiction.** The parties agree that federal jurisdiction is appropriate under 28 U.S.C. §§ 1331, and 1338(a).

III. **Legal Issues.**

   a. **Plaintiff's position**. The factual and legal issues may include but are not necessarily limited to:

   i. whether Defendant infringed Plaintiff's copyrighted works;

   ii. whether infringement by Defendant was willful;

   iii. the extent of statutory damages appropriate;

   iv. the extent of actual damages appropriate; and

   v. the extent of direct profits damages appropriate.

   b. **Defendant's position**. The key legal issues in this case include but are not necessarily limited to:

   i. whether Plaintiff gave express permission to Defendant to use the copyrighted works;

   ii. whether Plaintiff impliedly gave permission to Defendant to use the copyrighted works by voluntarily providing the copyrighted works to Defendant;

   iii. whether Plaintiff's claims are barred by the applicable statutes of limitations;

   iv. whether Plaintiff's claims are barred by laches;

   v. whether Plaintiff has suffered any damages; and

   vi. whether Plaintiff failed to mitigate his alleged damages.

IV. **Statement of Parties, Evidence, etc.**

Plaintiff is an individual residing in Los Angeles County.

Defendant is an individual residing in Los Angeles County.

Plaintiff and Defendant do not anticipate the appearance of additional parties.

The currently known percipient witnesses include Plaintiff, Defendant and Richard Rehm.

The key documents include the copyrighted works themselves, along with the documentation establishing Plaintiff's copyrights therein.

V. **Damages**.

    a. **Plaintiff's position**.

        i. **Actual Damages.** At present, Plaintiff does not have sufficient information to determine actual damages.

        ii. **Statutory Damages.** Statutory damages will depend on the number of instances of infringement, and whether infringement is innocent or willful.

        iii. **Direct Profits Damages.** Direct profits damages will depend on whether and how the Defendants monetized the photographs and website that featured the infringing copyrighted material.

    b. **Defendant's position**. Defendant contends that Plaintiff has not suffered any damages, and is not entitled to recover any type of damages against Defendant.

VI. **Insurance**.

Defendant does not have any insurance coverage in this matter.

VII. **Motions**.

a. **Plaintiff's Motions.** Plaintiff anticipates moving to amend the Complaint to provide additional copyright registration information and to correct any errors in the Complaint.

b. **Defendant's Motions.** Defendant does not anticipate any relevant motions.

VIII. **Manual for Complex Litigation**. The parties agree that this is not a case that warrants usage of the Manual for Complex Litigation.

IX. **Status of Discovery.** The parties have not yet conducted any discovery.

X. **Discovery Plan.**

a. **Deviations from Rule 26(a).** The parties agree to the disclosures and parameters prescribed by Rule 26(a), except that the parties' initial disclosures will be made on June 28, 2021.

b. **Subjects of Discovery**.

Generally, discovery related to any claims, allegations, and defenses contained in the Complaint and Answer will be necessary. Specifically, discovery relevant to the Plaintiff's and Defendant's state of mind with respect to the particular copyrighted works at issue, discovery relevant to the events which gave rise to Defendant's possession and use of the copyrighted works, as well as discovery of information relevant to how Defendant may have benefitted from the use thereof, will be necessary. Discovery by both parties will include initial written discovery, including requests for documents, interrogatories and requests for admissions, with party and third party depositions, and follow up written discovery as may be necessary.

    c. **Phases**. The parties agree that discovery need not be conducted in phases.

    d. **Limitations**. The parties agree to the scope and limitations imposed by the Federal Rules without deviation.

XI. **Discovery Cut-Off.** The parties propose that the discovery cut-off be December 31, 2021.

XII. **Expert Discovery.** The parties propose that initial expert disclosures be made by November 19, 2021, with rebuttal expert disclosures by December 17, 2021, and expert discovery cut-off on January 31, 2022.

XIII. **Dispositive Motions**.

    a. **Plaintiff's Motions**. Plaintiff anticipates moving for summary judgment on the issue of infringement.

    b. **Defendant's Motions.** Defendant does not presently contemplate bringing any dispositive motions.

XIV. **Settlement Conference / Alternative Dispute Resolution ("ADR").** The parties have not yet engaged in settlement discussions, but believe that settlement prior to trial may be possible. The parties would like to avail themselves of the opportunity of conducting mediation before a magistrate judge.

XV. **Trial Estimate.** Trial will be by jury. The parties agree that trial is estimated to last approximately four court days.

XVI. **Trial Counsel.**

    a. **Plaintiff's Trial Counsels** are Hogan Ganschow and Chris Zhen of the Zhen Law Firm.

    b. **Defendant's Trial Counsel** is Jeffrey W. Shields of Shields Law Offices.

XVII. **Independent Expert or Master.** The parties agree that this case does not warrant utilizing an independent expert or master.

XVIII. **Timetable.**

    a. Attached hereto as Exhibit A is a timetable that includes both Plaintiff's and Defendant's proposed schedules of pretrial and trial dates.

XIX. **Other Issues.**

    a. The parties are not currently aware of any other issues affecting this action.

Dated:  June 1, 2021    Respectfully submitted,
**Zhen Law Firm**

By:  /Chris J. Zhen/
Chris J. Zhen

Attorneys for Plaintiff
Jason Swofford

Dated: June 1, 2021    Shields Law Offices

By: /Jeffrey W. Shields/
Jeffrey W. Shields

Attorneys for Defendant
Richard Hottel

JUDGE MICHAEL W. FITZGERALD
SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. | 2:21-cv-01998-MWF (JDEx) |
|---|---|
| Case Name | JASON SWOFFORD vs. RICHARD HOTTEL d/b/a/ California Court Resurfacing; DOES 1-10 |

| Matter | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|
| [X] Jury Trial *or* [ ] Court Trial **(Tuesday at 8:30 a.m.)** Duration Estimate: __4__ Days | 5/17/2022 | 5/17/2022 | |
| Final Pretrial Conference [LR 16] and Hearing on Motions *In Limine* **(Monday at 11:00 a.m. -- three (3) weeks before trial date)** Motions *In Limine* must be filed **three (3) weeks** before this date; oppositions are due **two (2) weeks** before thisdate; no reply briefs. | 4/25/2022 | 4/25/2022 | |

| Event | Weeks Before Trial | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings / Add Parties | | 12/31/2021 | 12/31/2021 | |
| Non-Expert Discovery Cut-Off (at least 4 weeks before last date to hear motions) | 18 | 12/31/2021 | 12/31/2021 | |
| Expert Disclosure (Initial) | | 11/19/2021 | 11/19/2021 | |
| Expert Disclosure (Rebuttal) | | 12/17/2021 | 12/17/2021 | |
| Expert Discovery Cut-Off | 14 * | 1/31/2022 | 1/31/2022 | |
| Last Date to *Hear* Motions (Monday at 10:00 a.m.) | 14 | 2/7/2022 | 2/7/2022 | |
| Last Date to Conduct Settlement Conference | 12 | 2/21/2022 | 2/21/2022 | |
| For Jury Trial<br><br>• File Memorandum of Contentions of Fact and Law, LR 16-4<br>• File Exhibit and Witness Lists, LR 16-5.6<br>• File Status Report Regarding Settlement<br>• File Motions *In Limine* | 6 | 4/4/2022 | 4/4/2022 | |
| For Jury Trial<br><br>• Lodge Pretrial Conference Order, LR 16-7<br>• File Agreed Set of Jury Instructions and Verdict Forms<br>• File Statement Regarding Disputed Instructions, Verdicts, etc.<br>• File Oppositions to Motions *In Limine* | 5 | 4/11/2022 | 4/11/2022 | |
| For Court Trial<br><br>• Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Direct Testimony | 3 | | | |

* The parties may choose to cut off expert discovery prior to MSJ briefing.

ADR [LR 16-15] Selection:

☐ Attorney Settlement Officer Panel    ☐ Private Mediation    ☒ Magistrate Judge (with Court approval)

EXHIBIT A